FILED

June 1, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 4:08 PM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **CAROLYN BEECHER** | ) | **Docket No. 2016-08-0279** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MCKESSON CORPORATION** | ) | **State File No. 97742-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **OLD REPUBLIC INSURANCE CO.** | ) | **Judge Amber E. Luttrell** |
| **Insurance Carrier.** | ) | |
| | ) | |

## COMPENSATION ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned Workers' Compensation Judge on May 15, 2017, upon McKesson Corporation's Motion for Summary Judgment filed under Tennessee Rule of Civil Procedure 56. McKesson filed a Statement of Undisputed Facts and Memorandum of Law in support of its motion. Ms. Beecher did not file a response to the motion.

The central legal issue is whether McKesson demonstrated to the Court either that it negated an essential element of Ms. Beecher's claim or that her evidence is insufficient to establish an essential element of her claim. For the following reasons, the Court finds McKesson has shown Ms. Beecher's evidence is insufficient to establish an essential element of her claim and accordingly holds it is entitled to summary judgment.

### Procedural History

Ms. Beecher alleged she suffered severe pelvic organ prolapse arising out of a work incident on November 16, 2015, when she picked up a heavy tote at work and felt a

1

sharp pain in her pelvic area. McKesson denied Ms. Beecher's claim for workers' compensation benefits, and she filed a Petition for Benefit Determination (PBD) seeking medical and temporary disability benefits. Because the parties were unable to reach an agreement at mediation, the Mediator issued a Dispute Certification Notice (DCN). Following an Expedited Hearing, the Court entered an order denying benefits and holding Ms. Beecher failed to come forward with sufficient medical evidence to satisfy her burden of proving her condition arose primarily out of and in the course and scope of her employment.

Specifically, the Court determined Dr. Tinker, the panel selected physician, and Dr. Chappell, the employer's independent medical evaluator, provided the only expert opinions addressing medical causation, and neither physician concluded Ms. Beecher's work activities were the primary cause of her condition. In his deposition, Dr. Tinker testified that pelvic organ prolapse is always multifactorial and concluded,

> Based on the limited information that I had . . . my assessment was that, certainly, I thought work had an important role. Was that 35 percent, 49 percent, 52 percent, 57 percent? That's not a medical question and I don't know how to answer that . . . I would say that I have no way to accurately assess a percentage.

The Court found Dr. Chappell was more decisive. He concluded, "Ms. Beecher's work activities or single work incident were not the primary cause of the uterine prolapse and it is impossible to prove that work was responsible for any amount of the condition much less responsible for causing the majority or greater than 50% of the condition." Absent a contrary medical opinion, the Court held Ms. Beecher could not establish her condition arose primarily out of her employment. Ms. Beecher appealed the Expedited Hearing Order, and the Appeals Board affirmed the Court's decision.

The Court entered a Scheduling Order on January 9, 2017, setting the Compensation Hearing date for June 7, as well as setting various scheduling deadlines, including, but not limited to, an expert proof deposition deadline of April 28.

**Legal Principles and Analysis**

Motions for summary judgment are controlled by Tennessee Code Annotated section 20-16-101 (2016) and the Tennessee Rules of Civil Procedure. Specifically, Rule 56.06 provides that if a motion for summary judgment is properly made and supported,

"an adverse party may not rest on mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." Moreover, "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016) (Emphasis added).

Because a summary judgment motion is potentially dispositive, the Court must also consider Rule 4.01B of the Practices and Procedures of this Court, which provides:

> If a dispositive motion is opposed, a response to the motion must be filed and served on all parties or their counsel, on or before thirty calendar days after the filing of the dispositive motion. The response shall be in writing and shall state with particularity the grounds for the opposition. If no opposition is filed, the dispositive motion will be considered unopposed.

Here, Ms. Beecher did not file a response to McKesson's motion. Thus, this Court must consider McKesson's motion unopposed and must now turn to the issue of whether, under Rule 56.06, entry of summary judgment is "appropriate." *See* Tenn. R. Civ. Pro. 56.06 (2016).

In determining whether summary judgment is appropriate, the Court must apply the following standard set forth in *Mitchell v. Randstad N. Am.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 2, at *7 (Jan. 13, 2017):

> When a party who does not bear the burden of proof at trial files a motion for summary judgment, the party must do one of two things: (1) "[s]ubmit[] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) "[d]emonstrate[] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101 (2016). If the moving party is successful in meeting this initial burden of production, the nonmoving party must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. " Tenn. R. Civ. P. 56.04.

Moreover, in deciding McKesson's Motion for Summary Judgment, the Court must consider the facts presented on summary judgment in the light most favorable to Ms. Beecher as required by law. *See Payne*, at *12.

To establish a work-related injury, Ms. Beecher must show to a reasonable degree of medical certainty that her pelvic organ prolapse arose primarily out of and in the course and scope of her employment. This requires a showing by a preponderance of the evidence that her employment contributed more than fifty percent in causing the injury, considering all causes. Shown to a reasonable degree of medical certainty means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. §50-6-102(14). *See also Payne v. D & D Elec.*, 2017 Tenn. LEXIS 215, at *9 (Apr. 18, 2017).

Here, in an effort to demonstrate to the Court that Ms. Beecher's evidence is insufficient to establish an essential element of her claim, McKesson argued that Ms. Beecher failed to schedule or complete the deposition of any expert and otherwise secure expert proof to support her allegation that she sustained a work-related injury on November 16, 2015. McKesson argued that no physician has expressed an opinion that Ms. Beecher's work caused fifty percent or more of her medical condition or need for treatment. Thus, McKesson averred Ms. Beecher cannot establish that her pelvic organ prolapse arose primarily out of and in the course and scope of employment, and summary judgment is appropriate as a matter of law.

In *Payne*, the employer asserted the employee's evidence was insufficient to establish his claim, and the Special Workers' Compensation Appeals Panel agreed. The Panel concluded that Mr. Payne failed to produce sufficient evidence to support his claim. Although he filed medical records documenting treatment he received for his left foot, he submitted no medical evidence showing that it was more likely than not that his employment contributed more than fifty percent to his injury. The Panel affirmed the decision of the Workers' Compensation Appeals Board, granting summary judgment as a matter of law.

In the present case, the Court carefully reviewed the records submitted by Ms. Beecher and concludes she failed to produce expert proof or testimony demonstrating that her pelvic organ prolapse arose primarily out of and in the course and scope of her employment at McKesson. Although Ms. Beecher did not respond to McKesson's

Statement of Undisputed Facts, she previously filed various medical records on March 30, 2017, in response to discovery upon which she relied at the summary judgment hearing. Based on a careful review, the Court finds they contained no medical evidence demonstrating that it was more likely than not that her employment contributed more than fifty percent to her injury, considering all causes. At the summary judgment stage, she "must do more than simply show that there is some metaphysical doubt as to the material facts." *Rye,* 477 S.W.3d at 265. Therefore, the Court concludes McKesson has demonstrated that Ms. Beecher's evidence is insufficient to establish an essential element of her claim.

Although this Court is fully cognizant of Ms. Beecher's sincerely held belief that her pelvic organ prolapse was caused by her work at McKesson, her lay opinion alone is legally insufficient to refute Dr. Tinker's and Dr. Chappell's conclusions. As the Court expressed in its Expedited Hearing Order, neither Ms. Beecher nor the Court has the medical qualifications to revise the doctors' medical opinions for them. As our Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015).

Accordingly, McKesson's Motion for Summary Judgment is granted, and Ms. Beecher's claim is dismissed with prejudice. The costs of this cause are taxed to McKesson pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 to be paid within five days of the entry of this order. In addition, McKesson shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**IT IS SO ORDERED.**

Entered this the __1__ st day of June, 2017.

_____
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the __1__ st day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Carolyn Beecher, Self-Represented Employee | X | | X | 4817 Saddlehorn Cove, Memphis, TN 38125; CarolynBeecher1@yahoo.com |
| Thomas P. Cassidy, Jr., Esq., Attorney for Employer | | | X | Tom.cassidy@mgclaw.com |

Penny Shrum, Court Clerk
wc.courtclerk@tn.gov

6